PC, Laura B. Kalur, Esquire, Kalur Law Office, Portland, OR, Curtis Brooks Cutter, Kershaw, Cutter & Ratinoff, LLP, Sacramento, CA, Daniel Patrick Leonard, Esquire, Baker, Keener & Nahra, LLP, Los Angeles, CA, Ernest Frank Woodson, Beasley Allen Crow Methvin Portis & Miles PC, Montgomery, AL, for Plaintiff–Appellant.

Hall R. Marston, Ralph A. Campillo, Esquire, Mario Horwitz, Matthew A. Reed, Wendy Anne Tucker, Arameh Zargham, Sedgwick LLP, Los Angeles, CA, Vaughn Alan Crawford, Esquire, Trial, Snell & Wilmer L.L.P., Phoenix, AZ, Wayne Allen Wolff, Esquire, Sedgwick LLP, San Francisco, CA, for Defendants–Appellees.

Before: WALLACE, NOONAN, and M. SMITH, Circuit Judges.

### MEMORANDUM *

Adam Phillippi appeals from the district court's summary judgment in favor of Stryker Corporation and Stryker Sales Corporation ("Stryker") in Phillippi's diversity products liability action. Reviewing the district court's order de novo, *see Alpha Delta Chi–Delta Chapter v. Reed*, 648 F.3d 790, 796 (9th Cir.2011), we affirm.

Phillippi argues that as a result of the implantation of a Stryker pain pump, he suffered chondrolysis, the complete or nearly complete loss of cartilage, in his shoulder joint. However, as the district court found, Phillippi provided insufficient evidence to raise a known or knowable risk

of chondrolysis at the time of Phillippi's surgery such that Stryker had a duty to warn. *See Brown v. Superior Court*, 44 Cal.3d 1049, 245 Cal.Rptr. 412, 751 P.2d 470, 475–76 (1988).

Phillippi also argues that the district court erred in excluding the declaration of Dr. Younger. Because the district court clearly found that the declaration was self-serving and lacking foundation, we hold that its exclusion was not an abuse of discretion. *See ACLU of Nev. v. City of Las Vegas*, 333 F.3d 1092, 1097 (9th Cir. 2003) (holding that evidentiary rulings made in the context of summary judgment are reviewed for an abuse of discretion); *see also FTC v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir.1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact.").

Accordingly, the judgment of the district court is **AFFIRMED.**

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**FLAGSTAR BANK, Claimant–Appellant,**

v.

**Approximately $133,803.53 in U.S. Currency Seized from Washington Mutual Bank, Account # 440842802, held in the name of Advantage Financial**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Group Holdings Management LLC; Approximately $328,495.75 In U.S. Currency Seized from Washington Mutual Bank, Account # 4412174338, held in the name of Loomis Wealth Solutions LLC, Defendants.

No. 10–15458.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 11, 2011.

Deferred April 12, 2011.

Resubmitted March 2, 2012.

Filed March 9, 2012.

Stefan Dante Cassella, Special Assistant U.S. Office of the U.S. Attorney, Baltimore, MD, David Taylor Shelledy, Assistant U.S. Attorney, USSAC–Office of the U.S. Attorney, Sacramento, CA, for Plaintiff–Appellee.

Janet Sherman, Sherman & Sherman, Santa Monica, CA, for Claimant–Appellant/Defendants.

Before: FERNANDEZ and RAWLINSON, Circuit Judges, and WELLS, Senior District Judge.*

ORDER **

The United States' unopposed Request for Remand, filed on February 23, 2012, is GRANTED. The judgment in this case is vacated and this matter is remanded to the district court for reconsideration in light of *United States v. Wilson,* 659 F.3d 947 (9th Cir.2011).

**VACATED AND REMANDED.**

---

* The Honorable Lesley Wells, Senior District Judge for the U.S. District Court for the Northern Ohio, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.